UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>FRED JAMAAL MCNAIR,<br><br>　　　　　　　　Defendant. | CASE NO. CR20-0055JLR<br><br>ORDER |

Before the court is Defendant Fred Jamaal McNair's motion for early termination of supervised release.  (Mot. (Dkt. # 24).)  Plaintiff the United States of America (the "Government") joins his motion.[1]  (Resp. (Dkt. # 25).)  The court has considered the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised, the court GRANTS Mr. McNair's motion.

---

[1] In his motion, Mr. McNair informs the court that the United States Probation Department opposes the motion.  (Mot. at 3-5 (discussing the Probation Department's reasons, as Mr. McNair's counsel understands it, for opposing early termination).)

ORDER - 1

1    In 2016, Mr. McNair pleaded guilty to "conspiracy to possess with intent to
2    distribute and distribute a controlled substance" in violation of 21 U.S.C. § 841(a)(1) and
3    18 U.S.C. § 2. (*See* Transferred Docs (Dkt. # 2) at 1-13 (capitalization omitted).) Mr.
4    McNair was sentenced to 78 months of imprisonment followed by three years of
5    supervised release.[2] (*See id.* at 14-20.) Mr. McNair's term of supervised release is set to
6    expire on May 6, 2023. (*See generally* Transfer Order.)
7        During Mr. McNair's federal supervision, his only reported supervised release
8    violations were for marijuana use. (*See generally* Dkt.; 10/19/21 Min. Entry (Dkt. # 20);
9    9/17/21 Min. Entry (Dkt. # 10); 8/12/21 Offender Rep. (Dkt. # 3); 9/15/21 Offender Rep.
10   (Dkt. # 8); 10/7/21 Offender Rep. (Dkt. # 15).) Mr. McNair suffers from ongoing back
11   pain, and he provided the court with medical documents addressing the same. (*See* Def.
12   Disp. Memo. (Dkt. # 18), Ex. 1; 10/19/21 Tr. (Dkt. # 22) at 4, 6, 10.) Mr. McNair has
13   been undergoing treatment for his chronic back pain and was prescribed opiate pain
14   relievers. (*See* Def. Disp. Memo., Ex. 1; 10/19/21 Tr. at 4, 6, 10.) However, he informed
15   the court that, although prescribed, he chose not to consume prescription opioids due to
16   their known addictive properties and instead uses marijuana to help with his pain. (*See*
17   Def. Disp. Memo. at 2; 10/19/21 Tr. at 6.)
18       Thus, at the October 19, 2021 revocation hearing regarding Mr. McNair's three
19   marijuana-related supervised release violations, the court modified Mr. McNair's

---

[2] Mr. McNair was indicted and sentenced in the United States District for the District of North Dakota, but his supervised release was transferred to this court in April 2020. (*See generally* Transferred Docs; Transfer Order (Dkt. # 1).)

supervised release conditions to exclude drug testing for marijuana. (*See* 10/19/21 Min. Entry; 10/19/21 Tr. at 2-3, 12-14.) During that hearing, Mr. McNair asked the court to simply terminate his supervision. (10/19/21 Tr. at 5-6.). The court denied his request, but told him:

> I'm not inclined to cut you loose. I'm inclined to say, get a job, work for four months, and then bring back your request for termination, and I will seriously consider it. I find that, you know, having a job makes a lot of difference in terms of my seeing you again or not.
>
> . . . .
>
> If you show me that you get that job and you work at it for four to six months, then I'd encourage you to come back. The government may or may not agree to it. At 61 years old, sir, you are not going to get in a lot of trouble.

(*Id.* at 8, 12.)

In the instant motion, Mr. McNair asks the court to terminate his supervised release because "the statutory purposes of sentencing have been fulfilled and early termination of his supervised release is 'warranted by the conduct of the defendant and the interest of justice.'" (*See generally* Mot.) In support of his motion, Mr. McNair states that: (1) he has not tested positive for drugs, except for marijuana, during his long history of taking UA tests with the Probation Department; (2) he has been a valued employee at Goodwill Industries since January 29, 2022; and (3) he has "been doing great on probation" and "would like for the court to recognize that and release [him] from probation." (*See id.* at 2-5; *id.*, Ex. 2.) In its response, the Government states that it "is satisfied that termination of supervision is warranted" because "Mr. McNair has followed the [c]ourt's guidance: he obtained employment, worked for over seven months, and has no new violations." (Resp. at 2.)

ORDER - 3

After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervision . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice. *See* 18 U.S.C. § 3583(e)(1). On balance, the court finds that Mr. McNair's conduct, the interests of justice, and the factors laid out in 18 U.S.C. § 3553(a) support early termination. Accordingly, the court GRANTS Mr. McNair's motion for early termination of supervised release (Dkt. # 24) and ORDERS that the term of supervised release for Mr. McNair shall be terminated, effective immediately. The Clerk is directed to send copies of this order to all counsel of record, and to the United States Probation Office.

Dated this 26th day of May, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 4


After considering the factors set forth in 18 U.S.C. § 3553(a), a court may "terminate a term of supervision . . . at any time after the expiration of one year of supervised release" if such action is warranted by the defendant's conduct and in the interests of justice. *See* 18 U.S.C. § 3583(e)(1). On balance, the court finds that Mr. McNair's conduct, the interests of justice, and the factors laid out in 18 U.S.C. § 3553(a) support early termination. Accordingly, the court GRANTS Mr. McNair's motion for early termination of supervised release (Dkt. # 24) and ORDERS that the term of supervised release for Mr. McNair shall be terminated, effective immediately. The Clerk is directed to send copies of this order to all counsel of record, and to the United States Probation Office.

Dated this 26th day of May, 2022.

JAMES L. ROBART
United States District Judge